IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:

Michelle Deon Lee,

    Debtors.

Michelle Deon Lee,

    Plaintiff,

vs.

Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-4; Halliday Watkins & Mann, P.C. and Heather L. Deere,

    Defendants.

Case No.  24-16918-KHT
Chapter 7

Adv. Proc. No. 25-1239-KHT

## MOTION TO DISMISS

COME NOW, Halliday Watkins & Mann, P.C. (hereinafter "Defendant HWM" or "HWM") and Heather L. Deere (hereinafter "Defendant Deere" or "Deere") and move to dismiss Plaintiff's Complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure.  In support thereof, Defendants state the following:

### CONFERRAL

Defendants HWM and Deere state that no conferral is necessary as the presumption is that Plaintiff will object to the request for dismissal as to these Defendants.

### INTRODUCTION

Michelle Deon Lee (hereinafter "Debtor") filed a *pro se* Complaint alleging that HWM and Deere is a "claimant" that failed to establish a claim against the Debtor pursuant to 11 U.S.C. §502(a) and Rule 3001 of the Bankruptcy Rules of Bankruptcy Procedure.  Further, the Debtor is seeking to

avoid any lien HWM or Deere have against the Debtor declared invalid pursuant to the "Quiet Title Act" of 28 U.S.C. §2409. The claims seem to center around a Motion for Relief from Stay that Defendant Deere filed as counsel for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-4 filed on July 11, 2025. Plaintiff's Complaint lumps all named defendants together as one entity and fails to state clearly what actions if any, Defendants HWM and Deere have done, that would warrant the entry of any sort of judgment against them. The Complaint fails to state a claim upon which any conceivable type of relief can be granted against Defendant HWM or Defendant Deere. The Debtor's Complaint fails to state any factual allegations that would support a claim against Defendant HWM or Defendant Deere and just cites of list of random bankruptcy statutes, constitutional amendments and random federal statutes with the claim that the Debtor "through diligent and cooperative legal discovery" made a determination that she doesn't owe the "claimants" any debt or obligation and that the liens are "unsupported and invalid" without any shred of factual evidence to back of her wild claims.

As far as Defendant HWM and Defendant Deere can determine, the Plaintiff lists three claims. The first "Lack of Proof of Indebtedness" (Labeled as Claim 1) and "Failure to Comply with Proof and Evidentiary Standards" (Labeled as Claim 3) and "Right to Remove Encumbrances and Liens" (Labeled as Claim 4). There doesn't appear to be a listed Claim 2.

The only document referenced in the Complaint is the Motion for Relief from Stay that Defendant Deere filed as counsel for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-4 filed on July 11, 2025.

**STANDARD**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's Complaint. <u>Sutton v. Utah State Sch. for the Deaf & Blind</u>, 173 F.3d 1226, 1236 (10th

Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that a plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

To survive a Rule 12 Motion to Dismiss, the complaint must sufficiently allege facts supporting all the elements necessary for relief under the legal theory proposed, see Forest Guardians v. Forsgren, 478 F.3d 1149, 1160 (10th Cir. 2007), and contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, not merely possible, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); Van Zanen v. Qwest Wireless, LLC, 522 F.3d 1127, 1129–30 (10th Cir. 2008).

Plausibility requires that the pleaded factual content allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged, and relief must follow from the facts alleged. See Twombly, 550 U.S. at 556; Robbins v. Okla. Ex. Rel. Dep't. of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008). The Court must assume pleaded facts are true and determine whether it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. Christy Sports, LLC v. Deer Valley Resort Co., Ltd., 555 F.3d 1188, 1191–92 (10th Cir. 2009) (citing Robbins, 519 F.3d at 1247).

Well-pleaded facts are distinguished from mere conclusory allegations. Ruiz, 299 F.3d at 1181. The Court does not have to accept as true any legal conclusions set out in the complaint, and dismissal is appropriate when a complaint asserts a legal theory that is not cognizable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Golan v. Ashcroft, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004).

Finally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The Complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (*quoting* Papasan v. Allain, 478 U.S. 265, 286 (1986)). While a pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,"[1] federal courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Smith v. U.S., 561 F.3d 1090, 1096 (10th Cir. 2009) (*quoting* Whitney v. N.M., 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

### I. Claim 1 "Lack of Proof of Indebtedness" as to HWM and Deere must be dismissed

Rule 8(a)(2) of the Federal Rules of Civil Procedure require at a minimum must contain a short and plain statement of the claim showing that the pleader is entitled to relief against the parties named in the complaint. To survive a motion to dismiss a Complaint "must state a claim to relief that is plausible on its face." Renfro v. Champion Petfoods USA, Inc., 25 F.4th 1293, 1300 (10th Cir. 2022). Defendant HWM is a law firm and Defendant Deere is an attorney and neither Defendant HWM nor Defendant Deere have asserted any claim against the Debtor. There mere filing of a Motion for Relief from Stay by an attorney on behalf of her client doesn't establish a claim against the Debtor by the attorney in any definition of the United States Bankruptcy Code. The Debtor has failed to state any facts that would show that Defendants HWM or Deere have any claim against the Debtor or the bankruptcy estate or that the Debtor owes any obligation to Defendants HWM or Deere. Defendants HWM or Deere have not filed any claims against the Debtor or the bankruptcy estate. If there has been no claim made against the Debtor or her estate by Defendant HWM or Defendant

---

[1] Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (*quoting* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

4

Deere, then the Debtor's claim must fail. The Complaint plainly and simply fails to establish any claim against Defendant HWM or Defendant Deere upon which any conceivable relief can be granted and must be dismissed.

## II. Claim 3 "Failure to Comply with Proof and Evidentiary Standards" as to HWM and Deere must be dismissed

The Plaintiff states that the Motion for Relief from Stay Defendant Deere filed as counsel for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-4 failed to comply with Rule 901(a) of the Federal Rules of Evidence. However, the Complaint fails to state how Rule 901(a) of the Federal Rules of Evidence applies to the Motion for Relief from Stay that was filed or how Defendant HWM or Defendant Deere failed to meet the requirements of this evidentiary rule.

The Plaintiff states that under 11 U.S.C. §502(b), claims that are "not properly supported or are unsupported by evidence are disallowed". Further, the Complaint states "The burden of establishing a claim's validity rests on the creditor, and their inaction demonstrates a lack of compliance with statutory and procedural requirements, warranting disallowance of the claim".

11 U.S.C. §501 governs the filing of proof of claims and Rule 3001 of the Federal Rules of Bankruptcy Procedure defines the requirements for filing proof of claim. One, neither Defendant HWM or Defendant Deere have filed a proof of claim against the Debtor under 11 U.S.C. §502(a) which would warrant an objection and hearing by the Court on the validity and amount of the claim under 11 U.S.C. §502(b). The Motion for Relief from Stay filed on July 11, 2025 does not constitute a proof of claim either under 11 U.S.C. §502(a) or Rule 3001 snd as stated previously, Defendant Deere's actions in representing her client do not establish the existence of claim by Defendant HWM or Deere against the Debtor.

Once again, the Complaint fails to state any claim against Defendants HWM or Deere upon which relief can be granted so the claim must be dismissed.

### III. Claim 4 "Right to Remove Encumbrances and Liens" as to HWM and Deere must be dismissed

The Debtor states that pursuant to the "Quiet Title Act" of 28 U.S.C. 2409a, the Debtor is seeking to have any existing liens or encumbrances declared invalid and removed due to the unsupported claim filed against the property. In addition to failing to state what "property" the claim is to be removed from, 28 U.S.C. 2409a is that statute that allows the United States to be named as a party in a dispute as to the title of real property in which the United States as an interest. *See* 28 U.S.C. 2409a. 28 U.S.C. 2409a does not apply in this situation and cannot be used as grounds to remove a lien or encumbrance by

Further, the Debtor has failed to state any facts that would support either Defendant HWM or Defendant Deere has a lien or encumbrance against any property owned by the Debtor that would be subject to removal. Therefore, Claim 4 must be dismissed as to Defendant HWM or Defendant Deere.

The Debtor also states that 11 U.S.C. §522(f) allows a debtor to "avoid non-possessory, non-purchase-money judgment liens that impair exemption rights, effectively extinguishing these claims". The Debtor completely misquotes 11 U.S.C. §522(f). 11 U.S.C. §522(f)(1)(A) allows a debtor to avoid a "judicial lien" to the extent that said lien impairs a debtor's exemption in a particular piece of property. Further, 11 U.S.C. §522(f)(1)(B) allows a debtor to avoid "a non-possessory, non-purchase-money security interest in any…(i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor a dependent of the debtor…" See 11 U.S.C. §522(f)(1)(B).

6

Once again, the Debtor fails to state any facts that would establish that Defendant HWM or Defendant Deere have any claim or lien against any property owned by the Debtor or property of the estate. Therefore, the Debtor's claim against Defendants HWM and Deere must be dismissed.

## CONCLUSION

Debtor's Complaint is a confusing mass of legal conclusions that lack any foundation of law or fact. Debtor's Complaint fails to identify specific facts that Defendants HWM and Deere committed that would support each claim. Debtor's Complaint appears lumps all "defendants" together therefore Defendants HWM and Deere are left to sift through paragraphs of irrelevant allegations to determine those that might relate in some way to a claim for relief. Debtor's fails to support any factual allegations to back up her claims and attempts to use non-existent statutory requirements or misquoted statutory requirements that do not support any claims that Plaintiff is attempting to make. To the extent that the Complaint identifies any substantive allegations, those allegations are entirely conclusory. Thus, all of Debtor's claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendants HWM and Deere respectfully move this Court to dismiss Plaintiff's claims as to each of them with prejudice and without leave to amend.

Respectfully submitted this 19th day of September 2025.

By:*/s/ Heather L. Deere*
Heather L. Deere, #28597
Halliday Watkins & Mann
355 Union Boulevard, Suite 250
Lakewood, CO 80228
(303) 274-0155
heather@hwmlawfirm.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 19, 2025, copies of the Motion To Dismiss were served via U.S. Mail, postage prepaid, on all parties against whom relief is sought and those otherwise entitled to service pursuant to Fed.R.Bankr.P. and these L.B.R. at the following addresses:

Michelle Deon Lee
16480 Fairway Dr
Commerce City, CO 80022

/s/ *Heather L. Deere*